STATE OF NORTH CAROLINA
v.
CLAUDE GREGORY COGGINS
No. COA08-233
Court of Appeals of North Carolina
Filed December 2, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Diane Martin Pomper, for the State.
Charlotte Gail Blake, for defendant-appellant.
ELMORE, Judge.
Defendant appeals from judgment entered consistent with a jury verdict finding him guilty of possession of a stolen vehicle. For the reasons stated herein, we find no error.
The State's evidence tends to show that on 24 November 2005, Jason Beck drove his mother's Blazer to Quin Theater in Sylva. When Beck returned to the parking lot after a movie, the car was missing. The Blazer was found burned on Woods Mountain Trail the next day. On 16 March 2006, Detective John Buchanan of the Sylva Police Department questioned defendant about the incident involving the Blazer. Buchanan testified that defendant told him that on 25 November 2006, John Wise left him two messages on his answering machine. The first message informed defendant that Wise had parkeda vehicle at defendant's house and the second message stated that the vehicle had been stolen from a movie theater. Defendant also stated to Buchanan that he told a friend that the car was stolen and asked her to move it to Woods Mountain Trail. Defendant objected to the portions of Buchanan's testimony that included Wise's statements to defendant. The trial court overruled the objections.
Defendant testified that after receiving Wise's first message, he asked two friends to move the vehicle from his property, because he didn't care for Wise and was concerned about Wise parking a car at his house. Defendant stated he did not receive the second message about the vehicle being stolen until after it had been moved.
The jury found defendant guilty as charged. The trial court sentenced defendant to a suspended term of ten to twelve months imprisonment and placed defendant on supervised probation for thirty-six months. Defendant appeals.
In his sole argument to this Court, defendant contends the trial court erred by admitting Detective Buchanan's testimony about what defendant told him while in custody, which included statements made to defendant by James Wise. Defendant argues Wise's statements are inadmissible hearsay and the trial court improperly overruled his objections. We disagree.
Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen.Stat. § 8C-1, Rule 801(c) (2007). A statement which is offered for any other purpose is admissible. State v. Moore, 131 N.C. App. 65, 71, 505 S.E.2d 172, 176 (1998), disc. review denied, 351 N.C. 190, 541 S.E.2d 723 (1999). Furthermore, it is well-established that "[s]tatements of one person to another are not hearsay if the statement is made to explain the subsequent conduct of the person to whom the statement was made." State v. Reid, 335 N.C. 647, 661, 440 S.E.2d 776, 784 (1994). Wise's statements, which were introduced through Buchanan's testimony about defendant's statement at the police station, were not offered for the truth of the matter asserted, that is, that the car was in fact stolen, but they were offered to prove defendant knew or had reason to know that the car may have been stolen. The important aspect of Buchanan's testimony was not the particular words spoken by Wise to defendant, but rather that Wise made a statement and defendant responded. Id. Thus, the statements are not hearsay and were properly admitted. These assignments of error are overruled.
Defendant argues that the statements made by Wise were the only evidence that the car was stolen. However, defendant stated to Buchanan that he told a friend that the vehicle was stolen and asked her to take the car elsewhere. Further, defendant testified that he did not care for or trust Wise, that he was concerned about Wise parking a vehicle on his property, and that he knew Wise did not own a vehicle, further indicating that defendant knew or had reason to know that the vehicle was stolen. Accordingly, sufficient evidence of defendant's knowledge that the car was stolen was presented at trial to support defendant's conviction of possession of a stolen vehicle.
After reviewing the record, we conclude that no reversible error was committed in the trial. Defendant's remaining assignments of error set forth in the record on appeal, but not argued in his brief to this Court, are deemed abandoned. N.C.R. App. P. 28(b)(6).
No error.
Judges WYNN and GEER concur.
Report per Rule 30(e).